```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
MICHAEL YOUNES,                     :
                                    :
                    Plaintiff,      :      __ Civ. __
                                    :
        -against-                   :      COMPLAINT AND
                                    :      JURY DEMAND
THE CITY OF NEW YORK,               :
THE NEW YORK CITY POLICE DEPARTMENT,:
and NEW YORK CITY POLICE OFFICERS   :
SGT. STANLEY LOPEZ, PO GREGORY      :
FINK, and PO FRANK KURYS            :
                                    :
                                    :
                    Defendants.     :
------------------------------------X
```

Plaintiff Michael Younes, by his attorneys ROTHMAN, SCHNEIDER, SOLOWAY & STERN, LLP, alleges as follows:

PRELIMINARY STATEMENT

1. This is an action for damages against employees of the New York City Police Department ("NYPD") who violated the civil and constitutional rights of the Plaintiff by falsely arresting and imprisoning him at approximately 3:00 a.m. on the morning of February 21, 2015; against the NYPD for its failure to take corrective action and to implement meaningful procedures to prevent excessive conduct by police officers against citizens; and against the CITY OF NEW YORK, which is sued as a person pursuant to 42 U.S.C. § 1983.

1

## JURISDICTION AND VENUE

2. Plaintiff institutes these proceedings and invokes the jurisdiction of this Court, pursuant to 28 U.S.C. § 1343, to obtain costs of suit, including reasonable attorney's fees, and to recover damages suffered by Plaintiff and caused by Defendants' violation of Plaintiff's rights as guaranteed by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States, and by federal statutory law, particularly 42 U.S.C. § 1983.

3. This Court also has jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises under the Fourth, Fifth, Eighth, and Fourteenth Amendments of the Constitution of the United States.

4. The violation of Plaintiff's rights alleged herein occurred within the City, County, and State of New York.

## PARTIES

5. Plaintiff MICHAEL YOUNES is a citizen of the United States of America and was at all times relevant herein an individual residing in the State of New York, with his residence address located at 197 Battery Avenue, Brooklyn, New York 11209.

6. Police Officers STANLEY LOPEZ, GREGORY FINK and FRANK KURYS are police officers employed by the NYPD and at all relevant times herein were acting in the capacity of agents,

servants, and employees of the Defendant CITY OF NEW YORK. They are each sued individually and in their official capacities.

7.  Defendant CITY OF NEW YORK is a municipal corporation organized and existing pursuant to and by virtue of the laws of the State of New York.

8.  At all times relevant herein, Defendants LOPEZ, FINK, KURYS, and their agents, assistants, and employees acted pursuant to the policies, regulations or decisions officially adopted or promulgated by agents of the NYPD, whose acts may fairly be said to represent official policy or governmental custom of the NYPD and the CITY OF NEW YORK.

## FACTUAL ALLEGATIONS

9.  On or about February 21, 2015, at approximately 3:00 a.m., Plaintiff was in the vicinity of 125 East 11th street waiting for his friends. While on the public street and without committing any crimes, Plaintiff observed the Defendants tackle his friends to the ground and place them under arrest. Plaintiff took out his cell phone and began to record his observations.

10. Plaintiff never interfered with the arrest of his friends, and without cause, Defendants LOPEZ, FINK and KURYS, seized, handcuffed and arrested Plaintiff.

11. Defendants LOPEZ and FINK falsely charged Plaintiff with criminal conduct. Specifically, Defendants LOPEZ and FINK

3

stated generally that Plaintiff had, among other things, unlawfully interfered with their official duties.

12. The allegation of criminal activity on Plaintiff's part was untrue and was completely unfounded. Plaintiff had not committed any crime or infraction, was not committing any crime or infraction, and had not interfered with any police functions at the time he was approached, and unlawfully seized by Defendants, LOPEZ and FINK.

13. After seizing Plaintiff, Defendants took Plaintiff to the 9th police precinct, where Plaintiff was fingerprinted, searched, and held for approximately five hours by Defendants. Plaintiff's personal property was taken from him.

14. Plaintiff was then taken to central booking, where he was placed in a cell and held for approximately sixteen hours before he was arraigned before a criminal court judge.

15. Plaintiff was formally charged with Obstructing Governmental Administration in the Second Degree, in violation of New York Penal Law (P.L.) § 195.05, Criminal Possession of a Controlled Substance in the Seventh Degree, in violation of P.L. § 220.03 and Harassment in the Second Degree in violation of P.L § 240.26(1).

16. Upon arraignment, Plaintiff was released from detention on his own recognizance.

17. At the next court appearance, on motion of the prosecutor, all criminal charges against Plaintiff were dismissed and sealed, pursuant to Section 160.50 of the New York Criminal Procedure Law.

18. As a direct and proximate result of the acts of the Defendants, Plaintiff has suffered and will continue to suffer from loss of liberty, embarrassment, mental suffering, and emotional anguish.

19. Upon information and belief, Defendants LOPEZ and FINK fabricated allegations of criminal misconduct against Plaintiff. Specifically, Defendants LOPEZ and FINK, and other members of the NYPD falsely alleged that Plaintiff had committed the specific crimes charged.

20. As a result of these fabricated allegations and omissions, Plaintiff was wrongfully arrested, incarcerated, and held in police custody for approximately twenty-four hours, falsely charged with crimes, and forced to defend himself in Criminal Court.

<u>FEDERAL CAUSES OF ACTION</u>

21. Plaintiff incorporates by reference all of the allegations set forth in each preceding paragraph as if fully set forth at length herein.

22. The above described actions and omissions, engaged in under color of state authority by the Defendants, including

Defendant CITY OF NEW YORK, deprived Plaintiff of rights secured to him by the Constitution of the United States, including, but not limited to, his Fourth Amendment right to bodily integrity and to be free from unlawful seizure of his person.

<u>PENDENT CAUSE OF ACTION FOR FALSE ARREST</u>

23. Plaintiff incorporates by reference all of the allegations set forth in each preceding paragraph as if fully set forth at length herein.

24. Heretofore, on or about May 18, 2015, Plaintiff caused a written and duly verified Notice of Claim to be filed with the proper agents of the City of New York in accordance with the provisions of the General Municipal Law of the State of New York. Plaintiff's claim has not been adjusted or otherwise disposed of since that time.

25. Defendants LOPEZ, FINK, and KURYS subjected Plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

26. As a result of Plaintiff's false arrest, imprisonment, and deprivation of liberty, Plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars.

PENDENT CAUSE OF ACTION FOR MALICIOUS PROSECUTION

27. Plaintiff incorporates by reference all of the allegations set forth in each preceding paragraph as if fully set forth at length herein.

28. Heretofore, on or about May 18, 2015, Plaintiff caused a written and duly verified Notice of Claim to be filed with the proper agents of the City of New York in accordance with the provisions of the General Municipal Law of the State of New York. Plaintiff's claim has not been adjusted or otherwise disposed of since that time.

29. The aforesaid seizure and arrest of Plaintiff on February 21, 2015 was the result of the maliciously false and perjurious information given to the office of the District Attorney for New York County by Defendants LOPEZ, FINK, and KURYS with the intent to cause Plaintiff to be charged with criminal conduct under the laws of New York State.

30. In reliance upon the false information contained in the complaint prepared by Defendant FINK, and by reason of the withholding by the Defendants of the true facts relating to Plaintiff's innocence, Defendant NYPD and Defendants LOPEZ, FINK, and KURYS caused Plaintiff to be prosecuted by the District Attorney's Office.

31. By reason of the aforesaid arrest and malicious prosecution, Plaintiff has been injured and has suffered and

continues to suffer great mental distress. By reason of the foregoing, Plaintiff has been damaged by the defendants' acts and conduct in the sum of one million ($1,000,000) dollars.

<u>CAUSES OF ACTION AGAINST MUNICIPALITY AND DEFENDANT NYPD</u>

32. Plaintiff incorporates by reference all of the allegations set forth in each preceding paragraph as if fully set forth at length herein.

33. Defendants CITY OF NEW YORK and the NYPD knew or should have known of the propensity of Defendants LOPEZ, FINK and KURYS to engage in the illegal and wrongful acts detailed above and/or as a matter of policy and practice, have with deliberate indifference, failed to take steps to uncover and/or correct such conduct. Upon information and belief, Defendants CITY OF NEW YORK and the NYPD had prior notice of the dishonest propensities of Defendants LOPEZ, FINK and KURYS, but took no adequate steps to train them, correct their abuse of authority, or to discourage their unlawful use of authority.

34. Acting under color of law, by and through the policy-makers of the CITY OF NEW YORK, and pursuant to official policy or custom and practice, Defendants CITY OF NEW YORK and the NYPD intentionally, knowingly, recklessly, or with deliberate indifference to the rights of the inhabitants of the CITY OF NEW YORK, failed to effectively screen, hire, train, instruct, supervise, control and discipline, on a continuing basis, their

police officers, including Defendants LOPEZ, FINK and KURYS, for their unlawful propensities, including fabricating criminal charges and falsely swearing to criminal complaints against citizens for the purpose of shielding themselves against criminal and/or civil liability for violations of civil rights; and for their failure to protect citizens from unconstitutional conduct of other police officers, thereby permitting and allowing Defendants LOPEZ, FINK and KURYS to be in a position to cause Plaintiff injury and violate Plaintiff's federal and state constitutional rights, and/or to permit these actions to take place without Plaintiff's knowledge or consent.

35.   Defendants CITY OF NEW YORK and the NYPD had knowledge, or should have had knowledge, that the wrongs heretofore alleged, or other unlawful or unconstitutional acts, were going to be committed by its employees and agents.  Defendants CITY OF NEW YORK and the NYPD had the power, authority and duty to prevent or aid in preventing the commission of said wrongs, could have done so, and intentionally, knowingly, recklessly or with deliberate indifference to the rights of the inhabitants of the CITY OF NEW YORK, failed to do so.

36.   On information and belief, Defendants CITY OF NEW YORK and the NYPD maintained an inadequate structure for risk containment and stress management relative to its police officers, and failed to create proper means of containing such

9

risk and managing such stress. On information and belief, such structure was deficient at the time of selection of police officers, and thereafter during their employment, in its ability to evaluate and exchange information within the command structure about the performance of individual police officers; in its training of supervisory personnel to effectively and adequately evaluate performance of an officer; and in its ability to otherwise put the command structure on notice that an individual or individuals were at significant levels of risk to the public at large or to specific segments thereof. The effect of this was to permit police officers of the NYPD to function at levels of significant and substantial risk to the public in general.

37. As a result of the foregoing conscious policies, practices, customs and/or usages, Defendants CITY OF NEW YORK and the NYPD have permitted and allowed the employment and retention of individuals as police officers whose individual circumstances place the public or segments thereof at substantial risk of being the victims of improper behavior. Such policies, practices, customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the Plaintiff's injuries.

38. As a result of the foregoing, Plaintiff was deprived of liberty, sustained emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

## NEGLIGENT HIRING, SCREENING, RETENTION SUPERVISION AND TRAINING

39. Plaintiff incorporates by reference all of the allegations set forth in each preceding paragraph as if fully set forth at length herein.

40. Defendants CITY OF NEW YORK and the NYPD negligently hired, screened, retained, supervised and trained Defendants LOPEZ, FINK and KURYS. The acts and conduct of Defendants LOPEZ, FINK and KURYS were the direct and proximate cause of damage to Plaintiff, and violated Plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York. As Defendant CITY OF NEW YORK is the employer of Defendants LOPEZ, FINK and KURYS, Defendant CITY OF NEW YORK is liable to Plaintiff for negligent hiring, screening, retention, supervision and training.

41. As a result of the foregoing, Plaintiff was deprived of liberty, was subject to great humiliation, and was otherwise harmed, damaged, and injured, all to his damage in the amount of One Million ($1,000,000.00) Dollars.

## PUNITIVE DAMAGES CLAIM

42. As a result of the extreme, wanton, and outrageous nature of the conduct of Defendants LOPEZ, FINK and KURYS in, among other things, arresting Plaintiff without cause or reason; reporting false criminal charges; and knowingly and willfully

11

arresting Plaintiff without legal cause, Plaintiff is entitled to punitive damages in the amount of Three Million ($3,000,000.00) Dollars.

## RESPONDEAT SUPERIOR LIABILITY

43. Plaintiff incorporates by reference all of the allegations set forth in each preceding paragraph as if fully set forth at length herein.

44. At all times relevant herein, Defendants LOPEZ, FINK and KURYS were acting within the scope of their employment as officers and agents of the NYPD and the CITY OF NEW YORK.

45. Defendant CITY OF NEW YORK is liable for compensatory and exemplary damages under the doctrine of *respondeat superior* or is liable to indemnify the individual defendants pursuant to provisions of the General Municipal Law for the tortious and unlawful acts of Defendants LOPEZ, FINK and KURYS committed within the scope of their employment.

WHEREFORE, Plaintiff demands judgment against the defendants, jointly and severally, as follows:

A.  In favor of Plaintiff in the amount of One Million ($1,000,000.00) Dollars as compensatory damages for each of Plaintiff's Pendent Causes of Action, and for appropriate damages on Plaintiff's federal claims;

B.  Awarding Plaintiff punitive damages against Defendants LOPEZ, FINK and KURYS in the amount of Three Million ($3,000,000.00) Dollars;

C.  Awarding Plaintiff the reasonable attorney's fees, interest, costs and disbursements of this action; and

D.  Granting such other and further relief as this court deems just and proper.

<u>JURY DEMAND</u>

Plaintiff demands a trial by jury.

Dated:   New York, New York
         February 10, 2016

_____
Jeremy Schneider
Lucas Anderson
ROTHMAN, SCHNEIDER, SOLOWAY
     & STERN, LLP
Attorneys for PLAINTIFF
MICHAEL YOUNES
100 Lafayette Street, Ste. 501
New York, New York 10013